UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
*Electronically Filed*

| | | |
|---|---|---|
| FRANCISCO JAVIER AVILA BERNAL, et al. | ) ) ) | |
| Plaintiffs | ) ) | |
| vs. | ) ) | Civil Action No.:1:18-cv-88-GNS |
| MIKE COLEMAN, and KIMBERLY COLEMAN | ) ) ) | |
| Defendants | ) ) | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Defendants, Mike Coleman and Kimberly Coleman (collectively "Defendants"), for their Answer to the Complaint (the "Complaint") filed by Plaintiffs Francisco Javier Alvila Bernal and Pedro Luis Avila Bernal (collectively, "Plaintiffs"), state as follows:

### PRELIMINARY STATEMENT

1.      With respect to the allegations contained in Paragraph 1 of the Complaint, Defendants state that Plaintiffs were two Mexican Hispanic workers who were employed at the Defendants' farm in Adairville, Kentucky in 2016.  Defendants deny all remaining all allegations contained in Paragraph 1 of the Complaint.

2.      Upon information and belief, Plaintiffs are brothers and were engaged by Defendant Mike Coleman under the federal H-2A visa program to perform agricultural work planting and harvesting tobacco in 2016.

3.      With respect to the allegations contained in Paragraph 3 of the Complaint, Defendants admit that Mrs. Coleman was Mike's wife and supervised H-2A workers. Defendants deny the remaining allegations contained in Paragraph 3 of the Complaint.

4.      Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.      Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.      Defendants deny the allegations contained in Paragraph 6of the Complaint.

7.      Defendants deny the allegations contained in Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8.      The allegations contained in Paragraph 8 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 8 of the Complaint, except that Defendants admit that this Court has jurisdiction over this matter.

9.      The allegations contained in Paragraph 9 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10.     The allegations contained in Paragraph 10 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 10 of the Complaint, except that Defendants admit that this Court has authority to issue a declaratory judgment.

11.     The allegations contained in Paragraph 11 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 11 of the Complaint, except that Defendants admit that venue is proper over the claims asserted in this matter.

## PARTIES

12.     Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13.     Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14.     The allegations contained in Paragraph 14 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Plaintiffs were employed by Mr. Coleman.

15.     Defendants admit the allegations contained in Paragraph 15 of the Complaint.

16.     The allegations contained in Paragraph 16 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants state that Mrs. Coleman worked with Mr. Coleman on the farm.  Defendants deny any remaining allegations contained in Paragraph 16 of the Complaint.

17.     With respect to the allegations contained in Paragraph 17 of the Complaint, Defendants admit that Plaintiffs received H-2A visas and were employed by Mr. Coleman. Defendants deny that Mrs. Coleman employed Plaintiffs.  Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 17 of the Complaint and, therefore, deny the same.

18.     With respect to the allegations contained in Paragraph 18 of the Complaint, Defendants admit that Francisco performed agricultural labor for Mike in Kentucky from July 2016 to September 2016.  Defendants deny the remaining allegations contained in Paragraph 18 of the Complaint.

19.     With respect to the allegations contained in Paragraph 19 of the Complaint, Defendants admit that Pedro performed agricultural labor for Mike in Kentucky from July 2016 to September 2016.  Defendants deny the remaining allegations contained in Paragraph 19 of the Complaint.

20.     The allegations contained in Paragraph 20 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21.     The allegations contained in Paragraph 21 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.     The allegations contained in Paragraph 22 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 22 of the Complaint.

## FACTS

### Mike Coleman's Participation in the Federal H-2A Visa Program

23.     The allegations contained in Paragraph 23 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 23 of the Complaint to the extent they misstate the law.

24.     The allegations contained in Paragraph 24 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 24 of the Complaint to the extent they misstate the law.

25.     The allegations contained in Paragraph 25 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 25 of the Complaint to the extent they misstate the law.

26.     Defendants admit the allegations contained in Paragraph 26 of the Complaint.

27.     The allegations contained in Paragraph 27 of the Complaint contain legal conclusions to which no response is required.  Moreover, the document referred to in Paragraph 27 of the Complaint speak for themselves.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 27 of the Complaint to the extent they misstate the law and information contained within the document.

28.     The allegations contained in Paragraph 28 of the Complaint contain legal conclusions to which no response is required.  Moreover, the document referred to in Paragraph

28 of the Complaint speak for themselves.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 28 of the Complaint to the extent they misstate the law and information contained within the document.

29.     The allegations contained in Paragraph 29 of the Complaint contain legal conclusions to which no response is required.  Moreover, the document referred to in Paragraph 29 of the Complaint speak for themselves.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 29 of the Complaint to the extent they misstate the law and information contained within the document.

30.     With respect to the allegations contained in Paragraph 30 of the Complaint, Defendants state that the clearance orders submitted to the DOL are documents that speak for themselves.  Defendants deny all allegations contained in Paragraph 30 of the Complaint that are inconsistent with the provisions of the documents.

31.     With respect to the allegations contained in Paragraph 31 of the Complaint, Defendants state that Mike was granted permission by the DOL to begin the visa process. Further, Defendants state that the applications referenced in Paragraph 31 of the Complaint speak for themselves.   Defendants deny all other allegations contained in Paragraph 31 of the Complaint that are inconsistent with the provisions of the documents.

32.     Defendants admit the allegations contained in Paragraph 32 of the Complaint.

33.     Defendants admit the allegations contained in Paragraph 33 of the Complaint.

34.     With respect to the allegations contained in Paragraph 34 of the Complaint, Defendants state that clearance order referenced is a document that speak for itself.  Defendants deny all allegations contained in Paragraph 34 of the Complaint that are inconsistent with the provisions of the document.

35.     The allegations contained in Paragraph 35(a), (b), and (c) of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that the work offered to Plaintiffs complied with the law.

36.     The allegations contained in Paragraph 36(a), (b), (c), (d), (e), and (f) of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that the work offered to Plaintiffs complied with the law.

37.     The allegations contained in Paragraph 37 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations that differ from the legal requirements of the Plaintiff's employee relationship with Mr. Coleman.

## The Avial Bernals' Arrival at the Coleman Farm

38.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 38 of the Complaint and, therefore, deny the same.

39.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 39 of the Complaint and, therefore, deny the same.

40.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 40 of the Complaint and, therefore, deny the same.

41.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 41 of the Complaint and, therefore, deny the same.

42.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 42 of the Complaint and, therefore, deny the same.

43.     Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.     With respect to the allegations contained in Paragraph 44 of the Complaint, Defendants admit that Francisco arrived at the farm before his brother and that 2016 was his first

season at the farm.  Defendants deny all remaining allegations contained in Paragraph 44 of the Complaint.

45.     Defendants admit the allegations contained in Paragraph 45 of the Complaint.

46.     With respect to the allegations contained in Paragraph 46 of the Complaint, Defendants state that Plaintiffs were reimbursed for their H-2A visa and travel related costs within their first week of work.  Defendants deny the remaining allegations contained in Paragraph 46.

47.     Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in Paragraph 50 of the Complaint.

### The Avila Bernals' Employment at the Coleman Farm

51.     The allegations contained in Paragraph 51 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants admit the Plaintiffs were engaged in the production of goods, including tobacco.

52.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 52 of the Complaint and, therefore, deny the same.

53.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 53 of the Complaint and, therefore, deny the same.

54.     Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.     Defendants admit the allegations contained in Paragraph 55 of the Complaint.

56.     Defendants admit the allegations contained in Paragraph 56 of the Complaint.

57.     With respect to the allegations contained in Paragraph 57 of the Complaint, Defendants state that Mrs. Coleman paid the workers by check, based on calculations from each

workers time sheets that were submitted to Mrs. Coleman or another agent of the farm. Defendants deny the remaining allegations contained in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61.     With respect to the allegations contained in Paragraph 61 of the Complaint, Defendants state that Tracy Bill worked as a bookkeeper for the farm in 2016.  Defendants deny the remaining allegations contained in Paragraph 61 of the Complaint.

62.     Defendants admit the allegations contained in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.     The allegations contained in Paragraph 64 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in Paragraph 64 that are contrary to the law.

65.     The allegations contained in Paragraph 65 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in Paragraph 65 that are contrary to the law.

66.     The allegations contained in Paragraph 66 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in Paragraph 66 that are contrary to the law.

67.     The allegations contained in Paragraph 67 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations contained in Paragraph 67 that are contrary to the law.

68.     The allegations contained in Paragraph 68 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 68.

69.     Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75.     Defendants admit the allegations contained in Paragraph 75 of the Complaint.

76.     Defendants admit the allegations contained in Paragraph 76 of the Complaint.

77.     Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80.     Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82.     Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87.     Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88.     Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 89 of the Complaint and, therefore deny the same.

90.     With respect to the allegations contained in Paragraph 90 of the Complaint, Defendants state that Mrs. Coleman never yelled, made derogatory remarks to, or physically

assaulted Tracy.   Defendant denies all other allegations contained in in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations contained in Paragraph 92 of the Complaint.

### Kim Targeted Francisco Especially

93.     Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94.     Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95.     Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96.     Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97.     Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98.     Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99.     Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100.    Defendants deny the allegations contained in Paragraph 100 of the Complaint.

### Kim's Termination of the Avila Bernals

101.    Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103.    Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104.    Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105.    Defendants deny the allegations contained in Paragraph 105 of the Complaint.

106.    Defendants deny the allegations contained in Paragraph 106 of the Complaint.

107.    Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108.    Defendants deny the allegations contained in Paragraph 108 of the Complaint.

109.    Defendants deny the allegations contained in Paragraph 109 of the Complaint.

110.    Defendants deny the allegations contained in Paragraph 109(a), (b), (c), (d), (e), (f), and (g) of the Complaint.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1866
42 U.S.C. § 1981

### The Avila Bernals Against Defendants Mike and Kim Coleman

111.   With respect to the allegations contained in Paragraph 111 of the Complaint, Defendants hereby reiterate, adopt and incorporate by reference their responses and answers to the allegations contained in Paragraphs 1 through 110 of the Complaint as if fully set forth herein.

112.   With respect to the allegations contained in Paragraph 112 of the Complaint, Defendants state that Plaintiffs assert a claim that Defendants have violated 42 U.S.C. § 1981.

113.   Defendants deny the allegations contained in Paragraph 113 of the Complaint.

114.   Defendants are without sufficient information to admit or deny the allegation contained in Paragraph 114 of the Complaint regarding Plaintiffs' ethnicity, but state upon information and belief that the Plaintiffs are Hispanic.  With respect to the remaining allegations contained in Paragraph 114 of the Complaint, Defendants state that the allegations contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 114 to the extent that they are contrary to the law.

115.   Defendants deny the allegations contained in Paragraph 115 of the Complaint.

116.   Defendants deny the allegations contained in Paragraph 116 of the Complaint.

117.   Defendants deny the allegations contained in Paragraph 117 of the Complaint.

118.   Defendants deny the allegations contained in Paragraph 118 of the Complaint.

119.   Defendants deny the allegations contained in Paragraph 119 of the Complaint.

120.   Defendants deny the allegations contained in Paragraph 120 of the Complaint.

121.   Defendants deny the allegations contained in Paragraph 121 of the Complaint.

122.     Defendants deny the allegations contained in Paragraph 122 of the Complaint.

123.     With respect to the allegations contained in Paragraph 123 of the Complaint, Defendants state that Mrs. Coleman supervised Plaintiffs' work.  Defendants deny the remaining allegations contained in Paragraph 123 of the Complaint.

124.     Defendants deny the allegations contained in Paragraph 124 of the Complaint.

125.     Defendants deny the allegations contained in Paragraph 125 of the Complaint.

126.     With respect to the allegations contained in Paragraph 126(a), (b), (c), and (d) of the Complaint, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## SECOND CLAIM FOR RELIEF

FAIR LABOR STANDARDS ACT

**The Avila Bernals Against Defendants Mike and Kim Coleman**

127.     With respect to the allegations contained in Paragraph 127 of the Complaint, Defendants hereby reiterate, adopt and incorporate by reference their responses and answers to the allegations contained in Paragraphs 1 through 126 of the Complaint as if fully set forth herein.

128.     With respect to the allegations contained in Paragraph 128 of the Complaint, Defendants state that Plaintiffs assert a claim that Defendants have violated the FLSA.

129.     Defendants deny the allegations contained in Paragraph 129 of the Complaint.

130.     Defendants deny the allegations contained in Paragraph 130 of the Complaint.

131.     With respect to the allegations contained in Paragraph 132(a), (b), and (c) of the Complaint, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## THIRD CLAIM FOR RELIEF

BREACH OF CONTRACT

**The Avila Bernals Against Defendants Mike and Kim Coleman**

132.     With respect to the allegations contained in Paragraph 132 of the Complaint, Defendants hereby reiterate, adopt and incorporate by reference their responses and answers to the allegations contained in Paragraphs 1 through 131 of the Complaint as if fully set forth herein.

133.     Defendants deny the allegations contained in Paragraph 133 of the Complaint.

134.     Defendants deny the allegations contained in Paragraph 134 of the Complaint.

135.     Defendants deny the allegations contained in Paragraph 135 of the Complaint.

## FOURTH CLAIM FOR RELIEF

KENTUCKY CIVIL RIGHTS ACT
(KENTUCKY REVISED STATUTES, §344.040)

**The Avila Bernals Against Defendants Mike Coleman**

136.     With respect to the allegations contained in Paragraph 136 of the Complaint, Defendants hereby reiterate, adopt and incorporate by reference their responses and answers to the allegations contained in Paragraphs 1 through 135 of the Complaint as if fully set forth herein.

137.     With respect to the allegations contained in Paragraph 137 of the Complaint, Defendants state that Plaintiffs assert a claim that Defendants have violated the Kentucky Civil Rights Act.

138.     Defendants are without sufficient information to admit or deny the allegation contained in Paragraph 138 of the Complaint regarding Plaintiffs' national origin and ethnicity, but state upon information and belief that the Plaintiffs are Mexican citizens and Hispanic.  With respect to the remaining allegations contained in Paragraph 138 of the Complaint, Defendants

state that the allegations contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 138 to the extent that they are contrary to the law.

139.    With respect to the allegations contained in Paragraph 139 of the Complaint, Defendants state that the allegations contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 139 to the extent that they are contrary to the law.

140.    With respect to the allegations contained in Paragraph 140 of the Complaint, Defendants state that the allegations contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 140 to the extent that they are contrary to the law.

141.    Defendants deny the allegations contained in Paragraph 141 of the Complaint.

142.    Defendants deny the allegations contained in Paragraph 142 of the Complaint.

143.    Defendants deny the allegations contained in Paragraph 143 of the Complaint.

144.    With respect to the allegations contained in Paragraph 144(a), (b), (c), and (d) of the Complaint, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## FIFTH CLAIM FOR RELIEF

OUTRAGEOUS CONDUCT/INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS

**Plaintiff Francisco Avila Bernals Against Defendant Kim Coleman**

145.    With respect to the allegations contained in Paragraph 145 of the Complaint, Defendants hereby reiterate, adopt and incorporate by reference their responses and answers to the allegations contained in Paragraphs 1 through 144 of the Complaint as if fully set forth herein.

146.    With respect to the allegations contained in numerical Paragraph 146 of the Complaint, Defendants state that these allegations are the subject of a Motion to Dismiss and, therefore, no response is necessary; but, to the extent a response is necessary, Defendants deny the allegations.

147.    With respect to the allegations contained in numerical Paragraph 147 of the Complaint, Defendants state that these allegations are the subject of a Motion to Dismiss and, therefore, no response is necessary; but, to the extent a response is necessary, Defendants deny the allegations.

148.    With respect to the allegations contained in numerical Paragraph 148 of the Complaint, Defendants state that these allegations are the subject of a Motion to Dismiss and, therefore, no response is necessary; but, to the extent a response is necessary, Defendants deny the allegations.

149.    With respect to the allegations contained in numerical Paragraph 149 of the Complaint, Defendants state that these allegations are the subject of a Motion to Dismiss and, therefore, no response is necessary; but, to the extent a response is necessary, Defendants deny the allegations.

150.    With respect to the allegations contained in numerical Paragraph 150 of the Complaint, Defendants state that these allegations are the subject of a Motion to Dismiss and, therefore, no response is necessary; but, to the extent a response is necessary, Defendants deny the allegations.

151.    With respect to the allegations contained in numerical Paragraph 151 of the Complaint, Defendants state that these allegations are the subject of a Motion to Dismiss and, therefore, no response is necessary; but, to the extent a response is necessary, Defendants deny the allegations.

## SIXTH CLAIM FOR RELIEF

THE TRAFFICING VICTIMS PROTECTION ACT (TVPA)
Forced Labor (18 U.S.C. § 1589)

### The Avila Bernals Against Defendants Mike and Kim Coleman

152.    With respect to the allegations contained in Paragraph 152 of the Complaint, Defendants hereby reiterate, adopt and incorporate by reference their responses and answers to the allegations contained in Paragraphs 1 through 151 of the Complaint as if fully set forth herein.

153.    With respect to the allegations contained in Paragraph 153 of the Complaint, Defendants state that Plaintiffs assert this claim against the Defendants.

154.    With respect to the allegations contained in Paragraph 154 of the Complaint, Defendants state that the allegations contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 154 to the extent that they are contrary to the law.

155.    Defendants deny the allegations contained in Paragraph 155 of the Complaint.

156.    Defendants deny the allegations contained in Paragraph 156 of the Complaint.

157.    Defendants deny the allegations contained in Paragraph 157 of the Complaint.

158.    Defendants deny the allegations contained in Paragraph 158 of the Complaint.

159.    Defendants deny the allegations contained in Paragraph 159 of the Complaint.

160.    Defendants deny the allegations contained in Paragraph 160 of the Complaint.

161.    Defendants deny the allegations contained in Paragraph 161 of the Complaint.

162.    Defendants deny the allegations contained in Paragraph 162 of the Complaint.

163.    With respect to the allegations contained in Paragraph 163(a), (b), and (c) of the Complaint, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

164.    Defendants deny any allegation not specifically admitted herein.

165.    Defendants deny that Plaintiffs are entitled to any relief requested in the Complaint or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

166.    The Complaint fails to state a claim upon which relief may be granted, in whole or in part.

167.    Defendants set forth the defenses of lack of jurisdiction over the subject matter, lack of jurisdiction over the person, improper venue, insufficiency of process, and insufficiency of service of process as a bar to Plaintiffs' claims in whole or in part.

168.    Defendants plead all affirmative defenses set forth in Federal Rule of Civil Procedure 8(C) and 12, but not limited to the affirmative defenses of statute of limitations, waiver, estoppel, laches and/or unclean hands.

169.    Defendants plead the affirmative defense of failure to exhaust administrative remedies.

170.    Defendants plead the affirmative defense of statute of frauds.

171.    Plaintiffs' claims are precluded by determinations of the U.S. Department of Labor, Kentucky Department of Labor, as well as determinations of other state agencies.

172.    Plaintiffs have failed to state any facts entitling them to any liquidated damages, penalties, pre-judgment or post-judgment interest.

173.    Plaintiffs have failed to mitigate their alleged damages.

174.    Plaintiffs were properly paid pursuant to Kentucky and Federal wage and hour laws.

175.    Plaintiffs' claims are barred or subject to offset or reduction to the extent that their pay was intended to compensate them for all hours worked each week, regardless of the number of hours worked in a particular workweek.

176.     Some or all of the disputed time is not compensable pursuant to the provisions of the Portal-to-Portal Act of 1947.

177.     To the extent that Defendants failed to comply with any aspect of the FLSA, such conduct was not willful or intentional, but rather occurred in good faith and was based on reasonable grounds for believing that such conduct did not violate the FLSA, and thus Plaintiffs' claim for liquidated damages, in whole or in part, is barred.

178.     Defendants assert as affirmative defenses res judicata and claim preclusion, as the DOL has already determined that Plaintiffs' rights were not violated.

179.     Plaintiffs' claims, in whole or in part, are barred by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, as Defendants' conduct was at all times in good faith and in conformity with and in reliance on the administrative rulings, practices, and enforcement policies, or any other administrative authority, specified therein.

180.     Any damages allegedly sustained by Plaintiffs are the result of their own actions, omissions or wrongdoing or the actions, omissions or wrongdoing of other individuals for whom Defendants are not liable.

181.     Plaintiff's claims should be dismissed because Defendants acted at all times in good faith, in a non-discriminatory, non-retaliatory manner and based upon legitimate, non-discriminatory and non-retaliatory business reasons.

182.     Defendants assert as an affirmative defense that Plaintiffs' claims fail, in whole or in part, because one or more of the Plaintiffs were not employed by a named Defendant.

183.     Defendants assert that Plaintiffs were compensated at the agreed to rate in compliance with all federal and state wage and hour laws.

184.     At all times relevant hereto, Defendant acted in good faith and denies any allegations of malicious, willful, wanton, reckless or intentional actions of any kind.

185.    Defendants assert that Plaintiffs' state law claims, as set forth in their Complaint, should be dismissed since the claims, parties, and time periods parallel the federal claims made, and where there exists no potential conflict with state regulatory and/or statutory law, Plaintiffs should not be allowed to seek the same elements of damages on the federal and state claims if double recovery is sought.

186.    Defendants assert the affirmative defenses of accord and satisfaction, and ratification.

187.    Upon information and belief, Plaintiffs failed to mitigate any damages they have allegedly incurred.  In the alternative, to the extent Plaintiffs have mitigated their damages, any relief must be reduced by their earnings, compensation and benefits during the relevant time period.

188.    Not only do Defendants specifically deny that Plaintiffs are entitled to punitive damages or any relief whatsoever, but any award of punitive damages to Plaintiffs would violate the Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the United States Constitution and/or the relevant portions of the Kentucky Constitution.

189.    The allegations of Plaintiffs' Complaint are legally insufficient to support a claim for punitive or exemplary damages and that, in any case, Kentucky and federal law lacks adequate legal or procedural constraints on the award, amount, and/or judicial review of punitive damages such that an award of punitive damages in this case, being penal in nature without affording these Defendants the same protections as those afforded criminal defendants, would constitute grossly excessive punishment in violation of the Defendants' constitutional rights, Due Process, and Equal Protection under the Fourth, Fifth, Sixth, and Eighth Amendments as incorporated into the Fourteenth Amendment to the United States Constitution, and the common law and public policies of Kentucky.

190.    Plaintiffs' claims for punitive damages is precluded by the due process guarantees of the Kentucky and United States Constitutions.

191.    Defendants assert that the claims asserted by Plaintiffs do not allow for the recovery of punitive damages.

192.    Plaintiffs' Complaint does not satisfy the statutory or common law prerequisites for punitive damages.

193.    Defendants reserve the right to add or amend any defenses or affirmative defenses through the trial of this matter.

**WHEREFORE**, Defendants having answered Plaintiffs' Complaint in full, demand as follows:

1.    That Plaintiffs' Complaint be dismissed in its entirety with prejudice;

2.    That judgment be entered for Defendant in an amount equal to their costs expended, including a reasonable amount for their attorney's fees; and

3.    All other relief to which Defendants may now or hereafter be entitled.

Respectfully submitted,

*/s/ Loren T. Prizant*
R. Gregg Hovious
Loren T. Prizant
**MIDDLETON REUTLINGER**
401 South 4th Street
Suite 2600
Louisville, KY  40202
(502) 584-1135
(502) 561-0442 (fax)
ghovious@middletonlaw.com
lprizant@middletonlaw.com
*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this *Answer to Plaintiffs' Complaint* was filed according to the rules of Electronic Court Filing (ECF) in effect for the Western District of Kentucky – Bowling Green Division, which ECF system will provide a copy of same to all persons registered to receive service in this case, on this the 14th day of September, 2018.

<u>*/s/ Loren T. Prizant*</u>
*Counsel for Defendants*