UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
*Electronically Filed*

| | |
|---|---|
| FRANCISCO JAVIER AVILA BERNAL, et al. | ) ) ) |
| Plaintiffs | ) ) |
| vs. | ) Civil Action No.:1:18-cv-88-GNS ) |
| MIKE COLEMAN, and KIMBERLY COLEMAN | ) ) ) |
| Defendants | ) ) |

## DEFENDANT KIM COLEMAN'S REPLY IN FURTHER SUPPORT OF HER MEMORANDUM IN SUPPORT OF HER MOTION FOR PARTIAL DISMISSAL

Defendant, Kimberly Coleman ("Defendant"), by counsel, pursuant to FRCP 12(b), files her Reply in further support of her Motion for Partial Dismissal of Plaintiff ("Motion") [Doc. 9 Francisco Avila Bernal's ("Plaintiff") claim of intentional infliction of emotional distress ("IIED") (Fifth Claim for Relief).

Plaintiff offers no legal or factual argument in his Response that refutes the arguments set forth in Defendant's Motion for Partial Dismissal. Specifically, Plaintiff has failed to present evidence of actions sufficient to constitute outrageous conduct as a matter of law. In fact, by attempting to narrow his allegations in support of his IIED claim in order to distance those claims from his Section 1981 claim, Plaintiff illustrates that the allegations in his Complaint fail to rise to the extremely high threshold required by Kentucky law. *See*, *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 789 (Ky. 2004). Accordingly, the facts asserted in Plaintiff's Complaint necessitate judgment as a matter of law in favor of Ms. Coleman on Plaintiff's IIED claim.

## **PLAINTIFF CANNOT ESTABLISH AN**
## **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM**

**A.  Plaintiff's Claim of Intentional Infliction of Emotional Distress is Preempted by his statutory Section 1981 Discrimination Claim.**

In Response to Defendant's Motion [Doc. 10], Plaintiff attempts to distract the Court by claiming *Grzyb v. Evans*, 700 S.W.2d 399, 401 (Ky. 1985) is a "33-year old case" that is not controlling law.  Specifically, Plaintiff asserts that *Hill v. Kentucky Lottery Corp.*, 327 S.W.3d 412 (Ky. 2010), reverses *Grzyb* and supersedes the Kentucky case law cited by Defendant.  However, the *Hill* case is not applicable to the facts in the case at bar as Defendant's Motion does not address a wrongful termination claim as brought by the plaintiff in *Hill*.

Plaintiff correctly states that *Hill* stands for the proposition that "preemption is not caused exclusively by the similarity of the facts that underlie the respective causes of action" but, instead, "[w]here the statute both declares the unlawful act and specifies the civil remedies available to the aggrieved party, the aggrieved party is limited to the remedy provided by the statute."  *Hill*, 327 S.W.3d at 421.  In *Hill* the Court ultimately concluded that the facts plaintiff asserted in support of her wrongful termination claim were separate and distinct from her allegations in support of her Kentucky Civil Rights Act claim and, therefore, she could continue with both causes of action. *See Hill*, 327 S.W.3d at 423.  Such a holding is distinguishable from the case at bar.

Contrary to Plaintiff's argument, Plaintiff asserts that Defendant's mistreatment of him as an employee constitutes a violation of Section 1981.  Plaintiff also asserts that he is entitled to damages for this same mistreatment under the common law theory of IIED.  But, because Section 1981 addresses the mistreatment of employees and specifies the civil remedies, Plaintiff is limited to the remedy provided by Section 1981.  In other words, "[b]ecause the [IIED] claim asserts the same behavior that is the basis for the statutory discrimination claims, the proper remedy for

Plaintiff is under the statutes, not the common-law concept of [IIED]." *Puglise v. Regency Nursing, LLC*, No. 3:09–CV–457, 2009 WL 3079200, at *2; *see also Kroger Co. v. Buckley*, 113 S.W.3d 644, 647 (Ky. Ct. App. 2003). Accordingly, this claim must be dismissed.

**B.     Plaintiff Has Failed To Allege Extreme, Atrocious, and Intolerable Conduct Sufficient to Support his Claim for Intentional Infliction of Emotional Distress**

To further support that his IIED claim is not preempted by his Section 1981 claim, Plaintiff attempts to narrow the facts in support of his IIED claim and asserts that they are separate and distinct from the allegations that support his Section 1981 Claim. Plaintiff claims that he is entitled to assert his IIED claim based on the fact that Ms. Coleman allegedly mocked him for what she "…perceived to be a disability-namely, his limp." (Compl. At ¶ 147). While Defendant adamantly denies having ever mocked or made fun of Plaintiff for anything, these allegations, even if not preempted, do not rise to the level of outrageous and "utterly intolerable" conduct required under Kentucky law. *Humana of Ky. v. Seitz*, 796 S.W.2d 1, 2 (Ky. 1990) (*citing Craft v. Rice*, 671 S.W.2d 247, 250 (Ky. 1984)).

The elements of an IIED claim are:

> 1) the wrongdoer's conduct must be intentional or reckless; 2) the conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; 3) there must be a causal connection between the wrongdoer's conduct and the emotional distress; and 4) the emotional distress must be severe.

*Seitz*, 796 S.W.2d at 2–3.

The Kentucky Supreme Court has stated:

> It has not been enough that defendant has acted with an intent which is tortious …, or that he intended to inflict emotional distress, or even that his conduct has been characterized by 'malice' … *Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency as to be regarded as atrocious, and utterly intolerable in a civilized community.*

*Id*. at 3 (emphasis in original).

Again, to support his claim, Plaintiff alleges that he was mocked because of his limp. Such conduct simply cannot be considered extreme and outrageous. The Sixth Circuit addressed a similar issue in *Monak v. Ford Motor Co.*, 95 Fed. Appx. 758, 760 (6th Cir. 2004). The plaintiff in *Monak* alleged that following various medical ailments, she returned to work at Ford Motor Company where she was subjected to various forms of offending behavior including: 1) being screamed at "to the point where she got a headache with nausea and went to the hospital"; 2) being screamed, threatened, and stared at on a daily basis; 3) being "badgered" by a company physician who "treated people like they were nothing"; and 4) being mocked during a worker's compensation hearing at which the management representative "pretended to play a violin while she described her problems." *Id*. at 760, 761.

The district court in the *Monak* case "determined that, while the conduct considered cumulatively may be rude or demeaning, it does not rise to the extreme level of being considered outrageous, nor does it fall outside the bounds of decency." The Sixth Circuit agreed, stating "As a matter of law, the conduct must be more than mere 'insults, indignities, threats, annoyances, petty aggressions, or other trivialities.'" *Id*. at 763. Similarly, here, the conduct at issue falls short of the "outrageous" standard needed to be established by Plaintiff. Simply put, the alleged mocking of a limp asserted by Plaintiff, even if true, cannot be considered "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency as to be regarded as atrocious, and utterly intolerable in a civilized community." *Seitz*, 796 S.W.2d at 3. Therefore, even if the claim for intentional infliction of emotional distress is not preempted, it still fails as a matter of law.

**C.     Plaintiff's Intersectionality Theory Is Irrelevant to whether he should be Permitted to Proceed with His IIED Claim.**

Finally, Plaintiff argues that his Section 1981 claim "*could* encompass the abuse he suffered at the hands of Defendant due to his perceived disability." (*See* Plaintiff's Response p. 10-11). Therefore, Plaintiff asserts that his IIED claim should not be dismissed at this stage of the litigation because evidence of Defendant's alleged animus toward his disability may support his Section 1981 claim. However, an issue concerning what evidence Plaintiff may present to a jury at trial has no relevance to whether he may pursue an IIED claim. Again, not only is Plaintiff's IIED claim preempted, but the narrow facts he asserts support the claim are insufficient. Accordingly, regardless of the evidence revealed in discovery and, eventually, presented to a jury, Plaintiff should be barred from pursuing his IIED claim.

## CONCLUSION

For the above reasons, Plaintiff's intentional infliction of emotional distress claim (Fifth Claim for Relief) should be dismissed. Accordingly, Defendants respectfully request that the Court enter the proposed Order dismissing this Claim from Plaintiff's Complaint, with prejudice.

Respectfully submitted,

*/s/ Loren T. Prizant*
R. Gregg Hovious
Loren T. Prizant
**MIDDLETON REUTLINGER**
401 South 4th Street
Suite 2600
Louisville, KY  40202
(502) 584-1135
(502) 561-0442 (fax)
ghovious@middletonlaw.com
lprizant@middletonlaw.com
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Reply was filed according to the rules of Electronic Court Filing (ECF) in effect for the Western District of Kentucky – Bowling Green Division, which ECF system will provide a copy of same to all persons registered to receive service in this case, on this the 19th day of October, 2018.

*/s/ Loren T. Prizant*
*Counsel for Defendants*